PFAFF ET AL., EXECUTORS, *v.* COMMISSIONER OF INTERNAL REVENUE.

No. 479. Argued March 4, 5, 1941.—Decided March 31, 1941.

*Mr. Laurence Sovik* for petitioners.

*Mr. Gordon Tweedy,* with whom *Solicitor General Biddle, Assistant Attorney General Clark,* and *Messrs. Sewall Key* and *Morton K. Rothschild* were on the brief, for respondent.

MR. JUSTICE REED delivered the opinion of the Court.

This case presents the same question as *Helvering* v. *Estate of Enright, ante,* p. 636. Petitioners are the executors of a deceased physician who during 1935 was a member of a medical partnership and entitled to forty per cent of its profits. He died December 25, 1935, on which date there were outstanding about $69,000 of partnership accounts receivable for services rendered to patients during his lifetime. His death worked a dissolution of the partnership under § 62(4) of the New York Partnership Law. The decedent's interest in these ac-

counts came to over $27,000. Both he and the partnership were on a cash basis. Pursuant to § 42 of the Revenue Act of 1934 and article 42(1) of Treasury Regulations 86, the commissioner included the decedent's share of the accounts receivable in his 1935 income, though only at about one-fifth of face value. The Board of Tax Appeals sustained the commissioner's view of the statute, and also ruled that the valuation of the decedent's interest in the accounts at one-fifth of face value was amply supported. The Circuit Court of Appeals, without writing an opinion, affirmed the Board. 113 F. 2d 114. Because of a conflict with the Third Circuit's decision in the *Enright* case, *supra,* we granted certiorari.

There is no relevant difference between these facts and *Helvering* v. *Estate of Enright.* For the reasons stated in that opinion it was proper to include in the decedent's 1935 income the fair value of his interest in the accounts.

*Affirmed.*