## COMMISSIONER OF INTERNAL REVENUE v. UNITED STATES TRUST CO. OF NEW YORK.

## UNITED STATES TRUST CO. OF NEW YORK v. COMMISSIONER OF INTERNAL REVENUE.

### No. 354.

Circuit Court of Appeals, Second Circuit.

June 7, 1944.

Samuel O. Clark, Jr., Sewall Key, J. Louis Monarch, and I. Henry Kutz, all of Washington, D. C., for Commissioner of Internal Revenue.

Will R. Gregg and Allin H. Pierce, both of New York City, for taxpayer.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

FRANK, Circuit Judge:

1. *The taxpayer's appeal:*

■ As to the inclusion in the income, under the last sentence of § 42, of the items collected from the partnership, we see no significant facts differentiating this case from Helvering v. Enright, 312 U.S. 636, 61 S.Ct. 777, 782, 85 L.Ed. 1093.

■ The doctrine of the Enright case also governs as to the executor's and trustee's commissions. The evidence showed that the New York courts, although having discretion in the matter of allowing compensation for services of a deceased executor or trustee, have, in practice, awarded commissions to the estate of such a deceased fiduciary at the statutory rate applicable to living fiduciaries, absent proof that he had failed to perform his duties properly. As there was no evidence that taxpayer's decedent had not faithfully discharged his fiduciary obligations, his services as such could be valued precisely at the time of his death. We find no merit in taxpayer's appeal.

2. *The Commissioner's appeal:*

In its opinion, the Tax Court said: "Undoubtedly the matter of liability in the suit pending against the decedent at the time of his death was not accruable under ordinary concepts of accounting. However, the Enright case plainly imports into this matter, on account of the impact of section 43, a concept which differs from the ordinary accounting idea of accruability. Assuming, as the parties upon hearing assumed, that the facts in connection with the suit and judgment constitute proper basis for an allowable deduction, other than upon the question of accruability, in our opinion the Enright case im-

pels us to hold that the item was accruable within the intendment of section 43. It is obvious that all facts upon which judgment was finally rendered had taken place prior to the decedent's death, and the amount was later rendered definite by the rendition and payment of judgment in a certain amount, just as the compensation for the decedent's services as executor and trustee was rendered definite by the payment of fees therefor after his death. A fair reflection of income requires, we think, that the item of judgment be placed in a category of deductions corresponding to the items of income. Section 43 covers deductions in a manner obviously intended to be parallel with the income covered by section 42, and the Supreme Court in the Enright case said: 'Congress sought a fair reflection of income.' Such an end would be frustrated unless the meaning of 'accrued' is applied, as broadened by that case, alike to income and deductions. We conclude and hold that the respondent erred in denying the deduction of the amount of judgment rendered for director's liability and the expenses incident thereto in the total amount of $253,087.35."

Thus the Tax Court grounded its decision on its conclusions as to two questions of "law": (a) that the Enright case "impelled" it to hold that the "item was accruable," and (b) that "a fair reflection of income" required it to include the item "in a category of deductions corresponding to the items of income." On both those questions we think the Tax Court erred.

■ The Enright case calls for the inclusion in income, under § 42, of the "value of the services rendered by the decedent, capable of approximate valuation" at the time of his death. By the same token, an item is deductible, under § 43, if, but only if, at that time it could have been approximately valued. Here the decedent had never conceded any liability but had denied it. The judgment entered after his death did not result from a trial but from a settlement to which taxpayer, decedent's executor, agreed after his death. The record shows no facts existing, during his

life, from which anyone at that time could, with any degree of accurate approximation, have ascertained the amount of this liability (if indeed there was any liability whatever). Taxpayer did not discharge its burden of overcoming the Commissioner's determination.

■ The Tax Court, in holding that the deduction should be allowed in order clearly to reflect the income, was obviously referring to the "unless" clause in the first sentence of § 43. Substantially the same reasoning concerning that clause when employed by that court in a later case (45 B.T.A. 671) was rejected by the Supreme Court in Security Flour Mills Co. v. Commissioner, 321 U.S. 281, 64 S.Ct. 596; cf. Dixie Pine Co. v. Commissioner, 320 U.S. 516, 64 S.Ct. 364; Lucas v. American Code Co., 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538, 67 A.L.R. 1010.[1] A "fair reflection of income" does not require or permit the deduction of a contested claim where its validity, and also its amount (even assuming the claim to be valid), are completely unascertainable in the period in question. That all the facts upon which the stockholders' suit was based had occurred in that period is not enough; the liability and its amount were the consequence of a settlement which occurred after decedent's death (because taxpayer then deemed it wise to settle) and which might never have occurred if decedent had continued to live.[2] The accrual of this liability is not analogous to the accrual of the income for decedent's services as executor and trustee, for, as to those services, there was no dispute; the difference is one of degree so great as to constitute a difference in kind. The "sauce-for-the-goose" argument lacks pertinence here because the "sauces" are not at all qualitatively the same.

The Security Flour Mills and Dixie Pine cases, supra, make it clear, we think, that, because of the grounds on which the Tax Court rested its decision, the doctrine of Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, has no bearing here.

Affirmed on the taxpayer's appeal. Reversed on the Commissioner's appeal.

---

[1] Taxpayer urges that such cases are inapposite because they related to corporations which kept their books on an accrual basis. The short answer is that the Court in the Enright case (312 U.S. at page 645, 61 S.Ct. at page 782, 85 L.Ed. 1093) cited as pertinent several cases dealing with such corporations.

[2] Cf. Brown v. Helvering, 291 U.S. 193, 200, 54 S.Ct. 356, 78 L.Ed. 725; Jamaica Water Supply Co. v. Commissioner, 2 Cir., 125 F.2d 512, 514, certiorari denied 316 U.S. 698, 62 S.Ct. 1295, 86 L.Ed. 1767.