ESTATE OF HUNT HENDERSON, ALLARD D'HEUR, EXECUTOR, AND JEANNE CRAWFORD HENDERSON, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 111403. Promulgated March 20, 1945.

*C. J. Batter, Esq.*, for the petitioners.
*Robert C. Whitley, Esq.*, for the respondent.

### SUPPLEMENTAL FINDINGS OF FACT AND OPINION.

KERN, *Judge*: In this case our memorandum findings of fact and opinion was entered on December 14, 1943. Thereafter the petitioners filed a motion for further hearing and reconsideration for the purpose of giving effect to an election and consents filed under the provisions of section 134 (g) of the Revenue Act of 1942, which, petitioners contend, would require the taxation of the income of decedent

and his estate under the provisions of section 126 (a) (1) of the Internal Revenue Code, as added by section 134 (e) of the Revenue Act of 1942, and sections 42 (a) and 43 of the Internal Revenue Code, as amended by sections 134 (a) and 134 (b) of that act. This motion was granted and a further hearing was held therein. At that hearing a stipulation of facts was filed by the parties. We find the facts to be as stipulated. Attention is also directed to our findings heretofore made for a full factual background of the issue now presented.

The facts which present this issue may be stated as follows:

Hunt Henderson died on June 21, 1939. At the time of his death he was a member of a partnership carrying on the business of sugar refining under the style of "Wm. Henderson." The articles of partnership provided that "The new firm is to * * * continue for one (1) year after the death of any partner." The decedent, prior to his death, filed his income tax returns for the calendar year on a cash basis. The partnership filed its returns for the calendar year on an accrual basis.

An income tax return was filed on behalf of the decedent for the period January 1 to June 21, 1939 (the date of death). In that return there was claimed as a deduction the sum of $11,068.12 representing one-half of the accrued loss sustained by decedent on account of his interest in the partnership. This return was prepared on the cash receipts and disbursements basis. The other half of the loss was claimed on behalf of decedent's widow.

The partnership return for the calendar year 1939, which was filed on an accrual basis, showed the decedent's apportioned share of the operating loss for the period January 1 to June 21, 1939, in the amount of $22,136.25 and income distributable to decedent's estate for the balance of the year 1939 in the amount of $56,584.92. Half of the latter sum was reported in the return of the estate of decedent for the period June 22 to December 31, 1939, and the other half was reported by decedent's widow in her return for the year 1939 on the community property basis.

We have heretofore held in our original findings of fact and opinion that the entire income from the partnership attributable to decedent's interest therein from the time of his death to the end of 1939 was taxable to the estate, and not, as petitioners contended, taxable one-half to the estate and one-half to decedent's widow. We also held that certain dividends declared prior to the death of decedent did not constitute taxable income of the estate.

Petitioners now contend that the income taxable to decedent's estate is $34,448.67, representing the income of the partnership attributable to the interest therein of decedent for the period from June 22 to December 31, 1939 ($56,584.92), less the partnership losses for the period

from January 1 to June 21, 1939, attributable to the interest of the decedent ($22,136.25). In order to be consistent petitioners now concede that the income from dividends in the sum of $2,132.25 is taxable to decedent's estate.

Pursuant to section 134 of the Revenue Act of 1942 and section 29, 126-4 of Regulations 111, petitioners filed with the Commissioner a timely election, together with the necessary consents, accompanied by a check in the sum of $197.97.

Petitioners base their present contentions on the following reasoning: Section 134 of the Revenue Act of 1942 changed the system for the taxation of the income of a decedent provided by sections 42 and 43 of the Revenue Act of 1934; at the time of decedent's death, section 43 of the Internal Revenue Code provided that amounts accrued as deductions up to the date of his death should be allowed as deductions in computing the taxable income of decedent, and his tax return was prepared accordingly; under sections 42 and 43 of the Internal Revenue Code, as amended by the 1942 Act, a decedent who is on a cash basis remains on a cash basis in computing his income for the period in which falls the date of his death, and, in the case of a taxpayer who is on an accrual basis, no amount which is accrued only by reason of his death shall be included in computing his taxable income for the period in which falls the date of his death; the loss of the partnership attributable to decedent's interest therein which accrued during the period January 1 to June 21, 1939, constituted a deduction which accrued only by reason of decedent's death and would, therefore, not be allowable under the provisions of the 1942 Act; the provisions of the Revenue Act of 1942 are available to petitioners because of their compliance with section 134 (g) of that act; and the net income of the partnership distributable to decedent's estate at the end of 1939 calculated on the operations of the entire year is taxable to the estate and not to the decedent under the provisions of section 126 (a) (1) of the Internal Revenue Code, added by section 134 (e) of the Revenue Act of 1942.

Respondent contends that the purpose of the amendments made by the 1942 Revenue Act was twofold: (a) To avoid hardships resulting from the inclusion in a decedent's taxable income for the year in which he dies of many items which would normally fall into other periods (cf. *Helvering* v. *Enright*, 312 U. S. 636; *Pfaff* v. *Commissioner*, 312 U. S. 646), resulting from the 1934 amendments to sections 42 and 43; and (b) to tax the items of income of a decedent which had escaped taxation before 1934 (cf. *Nichols* v. *United States*, 64 Ct. Cls. 241; certiorari denied, 277 U. S. 584) to the recipients thereof; that the 1934 amendments to sections 42 and 43 applied only to items of income and deductions "not otherwise properly includible" or "allowable";

that the 1942 amendments gave to sections 42 and 43 exactly the same wording which they had prior to 1934, except for the last sentence in each of them; that section 126 of the Internal Revenue Code, added by the Revenue Act of 1942, applies by its terms only to items of income or deduction not properly includible (or allowable) in respect of the taxable period in which falls the date of the decedent's death; that the income (or loss) from the partnership in the instant case from January 1 to June 21, 1939, (the date of death) would have been taxable (or allowable) to the decedent before the 1934 amendments, and is and always has been properly includible in the period in which falls the date of decedent's death; and that therefore none of the provisions of section 134 of the 1942 Act have any application to the facts before us.

Petitioners' argument that the deductions here in question accrued only by reason of the death of the taxpayer and, therefore, are not to be allowed in computing his net income for the period in which fell the date of his death, pursuant to the provisions of section 43 of the Internal Revenue Code, can not be sustained. This provision applies only "in the case of the death of a taxpayer whose net income is computed upon the basis of the accrual method of accounting" and excepts amounts includible in computing a partner's net income under section 182. It was stipulated in the original stipulation of facts filed herein that the income tax return filed for decedent and covering the period January 1 to June 21, 1939, was "filed upon the cash receipts and disbursements basis." It is also obvious that the deductions were "includible" in computing a partner's net income under section 182.

The crucial question, therefore, is whether the net income (or loss) of the partnership styled "Wm. Henderson" attributable to the interest therein of decedent for the period from the first of the year 1939 to the date of his death is "properly includible in respect of the taxable period in which falls the date of his death." See sec. 126, I. R. C.[1] If it is, then the original returns filed on behalf of the decedent and his estate correctly allocated the income (or loss) of the partnership as between the decedent and his estate (although for the reasons set out in our original opinion the amounts included were incorrect). Whether it is so properly includible must, of course, be determined in the light of sections 42 and 43 of the code, as amended by section

[1] SEC. 126. INCOME IN RESPECT OF DECEDENTS.

(a) INCLUSION IN GROSS INCOME.—

(1) GENERAL RULE.—The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death or a prior period shall be included in the gross income, for the taxable year when received, of:

(A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent;

1005 of the Revenue Act of 1942, which, as we have indicated, is equivalent to determining the question under the revenue acts before 1934.

It is well settled that under the revenue acts prior to 1934 the income of a partnership attributable to the interest of a partner who dies, and calculated up to the time of his death, was ordinarily to be included in the taxable income of the deceased partner for that part of his taxable year ending with his death, and this was true even though the articles of partnership provided that the partnership business was to be carried on after the death of a partner. *Maurice L. Goldman et al., Executors*, 15 B. T. A. 1341; *Clarence B. Davison, Executor*, 20 B. T. A. 856; affd., 54 Fed. (2d) 1077; *Bull* v. *United States*, 295 U. S. 247; *Guaranty Trust Co.* v. *Commissioner*, 303 U. S. 493; *Darcy* v. *Commissioner*, 66 Fed. (2d) 581.

In this case the articles of partnership provided that "the new firm [the partnership here involved] is to continue for one (1) year after the death of any partner," and the Louisiana Code provides that "every partnership ends of right by the death of one of the partners, unless an agreement has been made to the contrary." See art. 2880, Louisiana Civil Code.

The general rule is that where a partnership is carried on after the death of a partner, pursuant to a provision of the partnership articles, there is in law a new partnership. 47 Corpus Juris Secundum, Partnership, § 1071; Rowley, Modern Law of Partnership, §§ 615, 638; *Clarence B. Davison, Executor, supra*. Does the provision of the articles of partnership here involved differ in legal effect from a provision that the business of the partnership shall be carried on for a year after the death of a partner? No Louisiana case construing the Louisiana Code provision has been cited to us by counsel, and we have been able to find none, which makes clear the exact status of a partnership which, by the agreement of the partners, continues after the death of a partner. We can easily understand how a partnership composed of the surviving partners, or of the surviving partners together with the personal representative or the heirs of the deceased partner, can carry on the business of the original partnership, continuing to use of right the assets contributed to the partnership by the deceased partner, but we find it difficult to conceive how the original partnership can continue to exist as such after the death of one of the partners. As is pointed out in Rowley, OP. Cit. § 638, the cases which seem to indicate that the original partnership can continue after the death of a partner only hold that there is a continuation of the partnership business and are, in reality, not in conflict with the general rule to which we have referred, i. e., that if the partnership business is continued after the death of a partner pursuant to the articles of partnership

there is in law a new partnership, the old partnership having been necessarily terminated by the partner's death.

We construe the partnership agreement in this case to be equivalent to an agreement that the business of the partnership shall be carried on for one year after the death of any partner. Therefore, the case of *Clarence B. Davison, Executor, supra*, is applicable, and we conclude that the partnership losses of decedent for the period of January 1 to June 21, 1939, were "properly includible in respect of the taxable period in which falls the date of his death," and that the returns filed on behalf of the decedent and his estate correctly reflect the allocation as between them of partnership losses and income. Upon this issue we decide against petitioners.

*Decision will be entered under Rule 50.*