Estate of John E. Myra, Arthur W. Stokes, Executor v. Commissioner.
Estate of John E. Myra v. Commissioner
Docket No. 4532.
United States Tax Court
1945 Tax Ct. Memo LEXIS 54; 4 T.C.M. (CCH) 958; T.C.M. (RIA) 45321; October 24, 1945
Arthur W. Stokes, Esq., for the petitioner. Ned Fischer, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: This case originally involved proposed deficiencies in income tax liability determined against the petitioner for the years 1940 and 1941 in the respective amounts of $4,372.24 and $19.25. It is stipulated that this Court may enter an order that there is no deficiency or overpayment as to 1941. The only issue as to the determination for 1940 is the deductibility, under section 162 (a), I.R.C. *55 of income of the petitioner in the amount of $13,197.46. Findings of Fact The facts were stipulated and are so found, and, so far as pertinent, that stipulation follows: "1. That John E. Myra died testate on July 28, 1939, and that his will has been admitted to probate in Grand Forks County, North Dakota. The estate is still in the process of administration. "2. That during the years 1940 and 1941 Arthur W. Stokes was the duly appointed, qualified and acting Executor of the Estate of John E. Myra, deceased, and that letters of testamentary administration were issued in August 1939 and were in full force and effect during the entire years of 1940 and 1941. "3. That the residuary legatee mentioned in said will, the Myra Foundation, was incorporated under the laws of the State of North Dakota on April 28, 1941, and that said Foundation by Bureau letter dated November 4, 1941, was held exempt from taxation as a charitable organization in accordance with the provisions of Section 101 (b) of the Internal Revenue Code. "4. That for the calendar year 1940 the petitioner filed its fiduciary income and defense tax return with the Collector of Internal Revenue *56 at Fargo, North Dakota. "5. During the year 1941 the executor borrowed the sum of $33,000.00 secured by a mortgage on real property of the petitioner estate for the purpose of paying the balance of claims and specific bequests. On July 15, 1941, the real estate, so encumbered, was transferred to the Foundation." The will of the decedent, John E. Myra, provided, inter alia, as follows: "II. Except for certain specific bequests hereinafter provided for, it is my will that all of my property, real, personal and mixed, where ever the same may be situated shall go to establish what shall be known as the MYRA FOUNDATION which shall be a permanent institution hereby established for charitable, character building, and educational purposes. The intent and purpose being that the principal derived from the sale of any part of my estate shall forever remain intact to be invested and reinvested so that only the interest or the net income from such investments and from all of the property in my estate shall be expended for such charitable, character building and educational purposes." The income of petitioner prior to the payment of legacies, attorneys' fees and claims against the deceased *57 amounted to $13,197.46. Petitioner disbursed that income in the payment of specific legacies, attorneys' fees and claims against the decedent. In its return for 1940 petitioner deducted that income as being authorized by section 162 (a), I.R.C.[1] Respondent disallowed the deduction and here supports that disallowance on the ground that it was not "* * * during the taxable year paid or permanently set aside for * * * [statutorily exempt] purposes * * *". *58 Opinion Respondent bases his position solely on the premise that this income was in fact used by petitioner for purposes other than those lawfully exempt and thus it was not so "paid or set aside." The fact, however, is wholly irrelevant. The will, as obviously appears from paragraph II thereof quoted in our findings of fact, and as respondent implicitly concedes, mandatorily directed that all of decedent's property, subject to the specific bequests, including the income in dispute, should go exclusively to the Myra Foundation which respondent expressly admits is a charitable organization under the statute. Thus, by the will, the income in dispute was "* * * during the taxable year paid or permanently set aside for * * * [statutorily exempt] purposes * * *." No action of the petitioner could change that fact. It has been so decided. Bowers v. Slocum, 20 Fed. (2d) 350; Leubuscher v. Commissioner, 54 Fed. (2d) 998; Estate of J. B. Whitehead, 3 T.C. 40; affd., 147 Fed. (2d) 977. Upon the authority of those cases, decision of no deficiency will be entered as to 1940. Decision for 1940 and 1941 will be entered for the petitioner. *59 Footnotes
1. SEC. 162. NET INCOME. The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that - (a) There shall be allowed as a deduction (in lieu of the deduction for charitable, etc., contributions authorized by section 23 (o)) any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in section 23 (o), or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, or for the establishment, asquisition, maintenance or operation of a public cemetery not operated for profit;↩