Estate of Robert L. Clymer, Deceased, Edward O. Steely and Doylestown Trust Company, Executors v. Commissioner.
Estate of Clymer v. Commissioner
Docket No. 48525.
United States Tax Court
T.C. Memo 1954-112; 1954 Tax Ct. Memo LEXIS 132; 13 T.C.M. (CCH) 715; T.C.M. (RIA) 54218; July 30, 1954, Filed George Craven, Esq., Packard Building, Philadelphia, Pa., and James F. Gordy, Esq., for the petitioners. Daniel A. Taylor, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency in income tax of the estate of $6,629.54 for its fiscal year ended July 31, 1950 and one of $573.21 for its fiscal year ended July 31, 1951. The only issue for decision is whether the estate is entitled to a deduction of $24,774.17 for the first year and one of $4,314.31 for the second year under section 162(a). The facts have been *133 stipulated and the stipulation is adopted as the findings of fact. The income tax returns for the taxable years were filed with the collector of internal revenue for the First District of Pennsylvania. The decedent at the time of his death, July 31, 1949, was a partner in Clymer's Department Store of Doylestown, Pennsylvania. The partnership used a cash method of reporting its income. The partnership agreement of the partnership known as "Clymer's Department Store" provides, inter alia, as follows: "Article 19. All of the accounts receivable shall be closed at the end of the day of the retirement or death of a partner, and the surviving partners shall proceed to collect said accounts as soon as possible and shall pay over to the retiring partners, or the legal representatives of a deceased partner monthly one-third of all such collections made during said month, less a collection charge of five per cent of said amount." The decedent's estate received $26,093.24 in the year ended in 1950 and $4,482.19 in the year ended in 1951 as its share of the collections of such accounts receivable, which amounts were reported as income of the estate in the amended income tax return of *134 the estate for the year ended in 1950 and in the income tax return of the estate for the year ended in 1951. Article 11 of the decedent's will is as follows: "All the rest, residue and remainder of my estate I give, devise and bequeath to Doylestown Trust Company, in trust, to hold and invest the same and to pay over annually beginning one year after the date of my death, the sum of $1,000 per year of principal plus any interest earned during the previous year, to the Village Improvement Association, a Pennsylvania corporation, located at Doylestown, Pa. for the purpose of providing food and clothing for poor people of Doylestown and vicinity. I request that purchases of food and clothing by said organization shall be made, as far as possible, from Clymer's Department Store so long as said store is in existence under the present management." The Village Improvement Association is a charitable organization which meets the requirements of section 23(o) and section 101(6) of the Internal Revenue Code. The petitioner estate subtracted from its shares of the collections and credited the balances of $24,774.17 for the first year and $4,314.31 for the second *135 year to the principal of the residuary estate. Those balances were deducted by the petitioner on its income tax returns for the taxable years and disallowed by the Commissioner in determining the deficiencies. The parties agree that the collections were properly included in gross income under section 126(a)(1)(A) which provides that gross income of a decedent not includible in his income up to the date of his death "shall be included in the gross income, for the taxable year when received, of: (A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent." Section 162(a) allows a deduction, in lieu of the deduction for contributions under 23(o), of "any part of the gross income, without limitation, which pursuant to the terms of the will * * * is during the taxable year * * * permanently set aside for the purposes and in the manner specified in section 23(o)." The Commissioner concedes that the amounts here in question were permanently set aside for charitable purposes pursuant to the terms of the will. His contention is that those amounts "did not constitute gross income of the estate within the provisions of section *136 162(a) of the Code" because they became a part of the principal or corpus of the decedent's residuary estate immediately upon receipt and were "set aside" for the charity as principal, not as income. The petitioner contends that the Commissioner's argument is directly contrary to the express provisions of section 126(a)(1)(A) that the amounts are to be included in the gross income of the estate; they can not be "included in" and at the same time not "constitute" gross income of the estate for income tax purposes; if these amounts were gross income of the estate for the purpose of the provisions of the Code imposing the tax they must also be gross income of the same estate for the purpose of the provisions of the Code allowing deductions; section 22 defines "gross income" for both purposes of the income tax provisions of the Code; there is no question here as to whether the decedent's share of the collections was a part of his gross estate for estate tax purposes and cases on that subject are not in point; the question here depends upon the income tax provisions; the amounts are a part of the gross income of the estates for income tax purposes; if this were not true the estate would *137 not be subject to income tax on those amounts; and there is no reason apparent, in the legislative history of the provisions or elsewhere, why Congress did not intend to allow a deduction in a situation like this. Cf. Bowers v. Slocum, 20 Fed. (2d) 350; Peoples Trust Co., 10 B.T.A. 1385. The burden of the tax falls solely upon the charity. Cf. Old Colony Trust Co. v. Commissioner, 301 U.S. 379. This Court has twice considered substantially this same question, has decided it for the Commissioner in each and has been affirmed on the point by the two Courts of Appeals to which those decisions were appealed. Estate of Ralph R. Huesman, 16 T.C. 656, affd. 198 Fed. (2d) 133; Rose J. Linde, 17 T.C. 584, 592, affirmed on this point 213 Fed. (2d) 1 (May 4, 1954). Those cases are controlling here, but my decision would be for the petitioner had this Court not already taken the opposite view. Decision will be entered for the respondent.