ROCKLAND OIL COMPANY, TRANSFEREE, ET AL.,[1] PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 35784–35787. Filed September 30, 1954.

*Frederick E. Winkler, Esq.,* and *Allan F. Ayers, Jr., Esq.,* for the petitioners.
*Stanley Schoenbaum, Esq.,* for the respondent.

<hr>

[1] Proceedings of the following petitioners are consolidated herewith: John Ringling North, Fiduciary under Section 3467 of the United States Revised Statutes, as amended, of the Estate of John Ringling, Deceased, Docket No. 35785; Estate of Ida Ringling North, Deceased, Fiduciary under Section 3467 of the United States Revised Statutes, as amended, John Ringling North, Executor, Docket No. 35786; Estate of John Ringling, Deceased, John Ringling North, Executor, Docket No. 35787.

1308

1310

## OPINION.

RAUM, *Judge:* The sole question is whether, in accordance with section 162 (a) of the Internal Revenue Code of 1939, the income of the Estate of John Ringling was "* * * pursuant to the terms of the will * * * during the taxable year[s] paid or permanently set aside * * *" for so-called charitable or related purposes. Under Ringling's will and codicil his art museum, home, and the residue of the estate, after a bequest of $1 to his wife and a $5,000 annuity to Ida Ringling North, were left to the State of Florida. And the will, as amended by the codicil, directed the trustees to pay over the net annual income from the residue of the estate to the State of Florida for the purpose of adding to, embellishing, or increasing the contents of the museum. There is no dispute that these qualify as charitable or related purposes within the meaning of section 162 (a). The income was not in fact paid out to the State during the tax years involved, and the question therefore is whether such income was "* * * pursuant to the terms of the will * * * set aside * * *."

The Commissioner does not argue that the income was not required to be "set aside" in accordance with the terms of the will. His sole contention is that at Ringling's death the claims against the estate were of such magnitude that the ultimate charitable destination of the income was too uncertain to be considered as being dedicated to

1312

charity. As matters were finally worked out, however, the State not only received the home and museum, but also a substantial amount of money, considerably in excess of the income in controversy. The Commissioner's position is that such ultimate disposition of the assets and income was too problematical during the tax years to justify the deduction.

We cannot agree with the Commissioner. Pursuant to the will and codicil of John Ringling the income in question was in fact required to be set aside for charitable purposes. There is nothing in section 162 (a) suggesting that its provisions are inapplicable if the estate or trust is threatened by creditors' claims which might defeat the donor's intentions. This case is unlike *Merchant's National Bank of Boston* v. *Commissioner*, 320 U. S. 256, *Henslee* v. *Union Planters National Bank & Trust Co.*, 335 U. S. 595, and other similar cases relied upon by the Commissioner, where provisions in the will itself rendered uncertain whether the charitable donees would actually take and therefore it could not be said that the amounts or property in question were irrevocably set aside for charitable purposes by the decedent. Although the facts here are unusual, we think that section 162 (a) is, by its terms, applicable, and we so hold.

*Decisions will be entered for the petitioners.*