ESTATE OF SANFORD H. E. FREUND, DECEASED, CITY BANK FARMERS TRUST COMPANY AND ROBERT NIAS WEST, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71722. Filed January 25, 1961.

*Charles Goodwin, Jr., Esq.*, for the petitioners.
*Victor H. Frank, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $16,256.74 in the income tax of the petitioner for 1954. The only issue for decision is whether $23,085.91 of the gross income of the estate for its taxable year 1954 is deductible under section 642(c) of the 1954 Code as an amount of gross income permanently set aside during the taxable year for charitable purposes under the will of the decedent. The facts have been stipulated and are incorporated herein as findings of fact by this reference.

The petitioner is the estate of Sanford H. E. Freund, who died testate on November 29, 1954, while residing in Connecticut. The return of the estate for 1954 was filed with the district director of internal revenue for the Lower Manhattan District, New York, New York.

Freund, a partner in a New York law firm, provided in his will that the remainder of his estate, after some relatively minor specific bequests, should be held in trust, the income should be paid for life to his sister, and the principal should then be paid to Harvard College.

The law partnership was on a calendar year cash basis. The parties agree that $35,113.25, Freund's distributive share of the partnership income for 1954, was includible in the gross income of his estate for

1954 under section 126 (a) of the 1939 Code. $31,099.71 of that amount was allocable to the period prior to his death and $4,013.54, the remainder thereof, was allocable to the period in 1954 subsequent to his death.

The partnership agreement contained the following provision applicable to Freund:

The Group I Partners shall have such drawing accounts, payable in equal monthly instalments, as shall be determined by the Management Committee. The amount paid to a Group I Partner as his drawing account during any year shall be charged against his interest in the profits.

Freund in 1954, prior to his death, had received $20,000 from the partnership under the above provision and, in addition, the partnership had disbursed during that same period $3,085.91 in payment of various items for his benefit. The partnership offset this $23,085.91 against Freund's distributive share of partnership income for 1954 and only the balance of $12,027.34 was paid to his estate, the petitioner herein. The portion of his distributive share of 1954 partnership income represented by this $23,085.91 was not an asset of his estate at the time of his death and was not reported in the estate tax return as an asset or as a debt. Of course, it is possible, although not shown, that some part of it might have remained as cash or been used to purchase some other asset but, if so, those items would be included in the gross estate but not as a portion of his distributive share of 1954 partnership income.

The parties have stipulated that any amounts distributable by the partnership to the estate were allocable to corpus under the applicable probate law of Connecticut. The petitioner estate contends that the entire $35,113.25, now included in its gross income for 1954, is deductible under section 642 (c) of the Internal Revenue Code of 1954 as an amount permanently set aside under the will for charitable purposes.[1] The Commissioner concedes in his brief that $12,027.34, the only portion of the $35,113.25 actually distributed by the partnership to the estate, qualifies for this deduction, but contends that $23,085.91, consisting of the $20,000 withdrawn by Freund from his drawing account and the $3,085.91 expended by the partnership for his benefit, during his life, was never actually received by the estate, was not paid or permanently set aside under the will for charitable (Harvard College) purposes and does not qualify for the deduction. This contention of the Commissioner is sound.

The fact that the entire $35,113.25 is being taxed as income to the petitioner herein for 1954, under section 126 (a) (1) (A), is material only because that section provides that the amount shall be included

---

[1] No part of the $35,113.25 was reported as 1954 income by the estate. The Commissioner in determining the deficiency included all of that amount in income and allowed no part as a deduction.

in the gross income of the petitioner and thus satisfies one of the requirements of section 642(c), which allows as a deduction in the case of an estate "any amount of the gross income, without limitation, which pursuant to the terms of the governing instrument is, during the taxable year, paid or permanently set aside for" charitable purposes. For the history and purpose of section 126(a), see *Estate of Ralph R. Heusman*, 16 T.C. 656, 661 affd. 198 F. 2d 133. The governing instrument here was Freund's will. That will applies only to such assets as formed a part of the estate of Freund. The $23,085.91 involved herein never became a part of the estate covered by his will. The receipt, use, and benefit relating to that amount occurred while Freund lived and before his will took effect. The money was his to use as he pleased during his life and actually he used the $20,000 for his living expenses—at least the petitioner which had the burden of proof has not proven the contrary. Not only was the $23,085.91 not an asset of the estate but neither was it a debt of the estate nor a debt paid by the estate. It was an advance payment of his ultimate distributive share of 1954 partnership earnings. Clearly, the $23,085.91 of Freund's distributive share of the 1954 partnership earnings was not and could not have been set aside for charitable purposes under his will and the petitioner is not entitled to deduct that amount under section 642(c). The argument of the petitioner is pure sophistry and justifies no further discussion.

*Decision will be entered under Rule 50.*