303 F.2d 30
 62-1 USTC P 9476
 ESTATE of Sanford H. E. FREUND, Deceased, City Bank Farmers
Trust Company and Robert Nias West, Executors,
Petitioners-on-Review,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-on-Review.
 No. 261, Docket 27117.
 United States Court of Appeals Second Circuit.
 Argued April 13, 1962.
Decided May 15, 1962.
 
 Shearman & Sterling, New York City, for petitioners. George W. Foley, Richard V. Giordano and Charles Goodwin, Jr., New York City, of counsel.
 Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Harry Baum and Ralph A. Muoio, Dept. of Justice, Washington, D.C., for respondent.
 Before SWAN, KAUFMAN and HAYS, Circuit Judges.
 SWAN, Circuit Judge.
 
 
 1
 Sanford Freund, a resident of Ridgefield, Connecticut, died testate on November 29, 1954. His will, after minor specific bequests, provided that the remainder of his estate should be held in trust, the income to be paid to his surviving sister during her life, and the principal, upon her death, to be paid to Harvard College. The question presented by this appeal is whether the Tax Court erred in deciding, upon stipulated facts, that the estate was entitled to only a part of the deduction claimed under Section 642(c) of the Internal Revenue Code of 1954, 26 U.S.C.A. 642(c).[1] There is no dispute concerning so much of the decision as allowed the deduction of $12,027.34, but appellants assert error in the disallowance of $23,085.91 of the deduction claimed. We hold there was no error, and might well affirm on the opinion of the Tax Court. However, the Commissioner's brief asserts there is no case directly in point and discusses the relevant statutes somewhat more fully than did the opinion below.
 
 
 2
 As the facts are fully stated in that opinion reported at 35 T.C. 629, a brief summary will suffice here. Mr. Freund was a partner in a law firm in New York City which was on a calendar-year cash basis. His share of partnership income for the year 1954 was $35,113.25. $31,099.71 of the amount was allocable to the period prior to decedent's death and $4,013.54 to the period after his death. The partnership agreement gave partners a drawing account. During 1954 Mr. Freund withdrew $20,000 and the firm paid for his personal expenses $3,085.91, a total of $23,085.91. This sum the partnership offset against the $35,113.25, and only the balance of $12,027.34 was actually paid to the estate.
 
 
 3
 The entire amount of Mr. Freund's share of the 1954 partnership income was includible in the estate under Section 126(a) of the 1939 Code, 26 U.S.C.A. 126(a), dealing with 'income in respect of decedents.' Concededly this section was applicable rather than the corresponding section of the 1954 Code because its provisions with respect to income of a deceased partner apply only to partners dying after December 31, 1954.[2]
 
 
 4
 Prior to 1934, income accrued before the death of a cash basis taxpayer and thereafter received by his estate escaped taxation. It was not taxable to the decedent because not received by him, and was not taxable to his estate because held to be corpus, not come of the estate.[3] To correct this situation, Section 42 of the Revenue Act of 1934, 48 Stat. 680, 26 U.S.C.A. 42, required income accrued at the taxpayer's death to be included in his final return.[4] This sometimes resulted in hardship because amounts which the taxpayer would have received over a number of years were made returnable in the year of his death, thereby boosting the income for that year into a higher bracket. To remedy this hardship, the Revenue Act of 1942 added Section 126(a) to the 1939 Code. It provides that accrued income is not to be included in the decedent's last return but is to be deemed income of his estate.[5] For accounting purposes Section 126(a) and its corresponding section in the 1954 Code, Section 691(a), employ a fiction in order to transfer the tax burden resulting from 'bunching' income in the year of death from the decedent to his estate, while making sure that the amount is taxed to someone. There is no injustice in this: the estate may have deductions to set off against its gross income which would be unavailable to the decedent on his personal return.
 
 
 5
 From these fictional provisions relating to accounting it does not follow, as appellants contend, that income never received by the decedent's estate, although it must be reported by the estate as gross income, must also be treated as 'paid or permanently set aside' for charity under the terms of the decedent's will, ans so entitled to the deduction permitted under Section 642(c). That the provisions of Section 126(a) do not work substantive changes in other sections relating to estate income, and particularly in Section 642(c),[6] is clear from Estate of Huesman, 16 T.C., 656, 661, affirmed, 9 Cir., 198 F.id 133. And this separation is particularly necessary here. The will left to charity the residual estate. Plainly, even by the terms of the will, the residuum could not include moneys already expended by the decedent. Yet it is precisely such an impossible construction that the petitioners would have us adopt.
 
 
 6
 Additional support for the decision below may be found in the Treasury Regulations applicable to the 1954 Code. They make clear that Section 691(a) relates to an amount received by an estate or trust.[7] This is a reasonable regulation constitutiong a construction by those charged with administration of the statutes, and should not be overruled except for weighty reasons. See Commissioner v. South Texas Co., 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831.
 
 
 7
 The authorities cited by appellants as inconsistent with the decision are distinguishable. In those cases the items of gross income claimed as a deduction were physically received by the charity, Rockland Oil Co. v. Commissioner, 22 T.C., 1307, or at the least received by the estate although later misapplied by the executors, John E. Myra, 4 T.C.M. 958. See Estate of Huesman, supra.
 
 
 8
 Appellants' contention that Freund was indebted to the partnership for the $23,085.91 paid him in 1954 is, as the Tax Court called it, 'sophistry.' The estate did not pay any debt when the partnership deducted the advances from Freund's share of the earnings of the law firm; it merely received the residual amount of his share. Moreover, even if the estate had paid a debt, tne amounts so paid would not have been deductible under Section 642(c), cf. Commissioner v. Citizens & Southern Nat. Bank, 5 Cir., 147 F.2d 977, 980.
 
 
 9
 Decision affirmed.
 
 
 
 [1]
 This section permits an estate, in computing its taxable income, to deduct any part of the gross income which pursuant to the terms of the governing instrument (decedent's will) 'is during the taxable year, paid or permanently set aside' for charitable purposes (Harvard College)
 
 
 [2]
 Section 771(a) and (b)(4) of the 1954 Code
 
 
 [3]
 See Nichols v. United States, 64 Ct. Cl. 241, cert. den. 277 U.S. 584, 48 S.Ct. 432, 72 L.Ed. 999; Commissioner v. United States Trust Co., 2 Cir., 143 F.2d 243, cert. den. 323 U.S. 727, 65 S.Ct. 62, 89 L.Ed. 584
 
 
 [4]
 Helvering v. Estate of Enright, 312 U.S. 636, 61 S.Ct. 777, 85 L.Ed. 1093
 
 
 [5]
 See H.Rep. No. 2333, 77th Cong., 2 Sess. p. 83 (1942-2 Cum.Bull 372, 435); S.Rep. No. 1631, 77th Cong., 2 Sess. p. 100 (1942-2 Cum.Bull. 504, 579)
 
 
 [6]
 Huesman dealt specifically with Section 342(c)'s predecessor in the 1939 Code, Section 162(a)
 
 
 [7]
 Section 1.642(c)-1 of the Regulations reads in relevant part: 'For this purpose, an amount received by an estate or trust which is includible in its gross income as income in respect of a decedent under section 691(a)(1) is deemed 'gross income' of the estate or trust.'