**BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, a national banking association, as Trustee of the Trust created under the Last Will and Testament of Kernan Robson, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 38060.**

United States District Court
N. D. California, S. D.
March 9, 1962.

Robert J. Dreher, Dreher, McCarthy & Dreher, San Francisco, Cal., for plaintiff.

Cecil F. Poole, U. S. Atty., Richard L. Carico, Asst. U. S. Atty., San Francisco, Cal., for defendant.

WOLLENBERG, District Judge.

The facts in the above entitled action show that Kernan Robson was a resident of California when he died on January 13, 1956. His will was admitted to probate in the Superior Court of California on February 6, 1956 and the Bank of America was appointed executor of the estate on that same day.

The residue of decedent's estate was left to the Bank of America as trustee, with directions to pay monthly to certain named beneficiaries income earned by the trust, no part to be paid out of principal except to decedent's wife in the trustee's discretion if an emergency arises. The trust is to end December 31, 1977, or, if all of the income beneficiaries die before December 31, 1977, on the death of the last income beneficiary. The principal, at the termination of the trust, is to be paid to certain charitable institutions.

The estate had, for its first fiscal year running from January 13, 1956, the date of death, to October 31, 1956, a distributable net income of $178,109.00, which consisted of capital gains and income earned by the decedent prior to death and ordinary income of $65,470.44 earned by the estate.

On October 15, 1956 the Superior Court for the County of Marin entered a decree of preliminary distribution of the estate. Pursuant to the decree the estate distributed to the trustee assets of the estate, the value of which was in excess of the distributable net income of the estate; however, the property distributed did not include any of the income earned by the estate.

The estate then filed its federal income tax return for its first fiscal year, deducting the sum of $178,109.00 as amounts distributed to a beneficiary of the estate. The trustee filed his first federal income tax return, choosing for the trust's first fiscal year the period from October 15, 1956, the date of the preliminary distribution, to October 31, 1956. The trustee included $178,109.00 in the gross income of the trust and deducted $8,075.00 as depreciation expense and the remainder, $170,034.00, as funds permanently set aside for charitable beneficiaries.

The government disallowed the $65,470.44 of the trust's deduction which was income earned by the estate subsequent to decedent's death, and $8,276.35 which was the amount to go to the Marin County Hospital District, one of the remainder beneficiaries, alleging it did not qualify as a charity within I.R.C. § 170 (c). 26 U.S.C.A. § 170(c).

The trustee paid the tax on these amounts, plus interest, and now sues to recover said sums.

The issues to be decided now are as follows:

(1) Was that portion of the income distributable to beneficiaries by the estate, which was the $65,470.44 earned by the estate, and includable in the first tax return of the trustee in his gross income, income currently distributable to the income beneficiaries of the trust?

(2) If the said amount in question received by the trustee from said estate was not income currently distributable to the income beneficiaries of the trust, was the same gross income permanently set aside by the trust for charitable purposes?

(3) Does the bequest in the testamentary trust of the decedent for the benefit of Marin County Hospital District qualify as a charitable deduction?

It is the government's contention in denying to the trustee the $65,470.44 deduction that, since it was income earned by the estate during the period of administration and no provision was made in the will as to the disposition of any such monies earned, the income beneficiaries under the trust were entitled to it. In re De Laveaga's Estate, 50 Cal. 2d 480, 326 P.2d 129 (1958). And, accordingly, under the theory of the conduit rule the tax liability on such income passes to the Trust even though, in the taxable year involved, the said income was retained by the estate and was not distributed to the Trust and its income beneficiaries until a subsequent taxable year not here at issue.

I.R.C. § 661(a) allows the estate to deduct from its gross income any amount distributed to its beneficiary up to its distributable net income, no matter what assets were actually distributed to the beneficiary. And even though the estate retained the income earned during administration Congress provided that the beneficiary receiving the distribution from the estate include the amount so received in its gross income, up to the distributable net income of the estate [I.R.C. § 662(a)]. This both parties admit.

The government then contends that I.R.C. §§ 661(b) and 662(b) require the application of the conduit theory which, it says, treats the beneficiary (in this case, the trust) as having received the income and the classes of income actually received by the estate, which consisted of income and capital gains earned prior to decedent's death, and income earned during administration, and therefore the $65,420.44, which was earned by the estate during administration, is income earned by the trust and must be distributable to the income beneficiaries.

The government's argument wears thin in two places, however. It is agreed that the terms of the governing instrument and applicable local law prevail to define "income" and to determine whether the income is required to be distributed when the word "income" is in issue and is not preceded by the words " 'taxable', 'distributable net', 'undistributable net' or 'gross.' " I.R.C. § 643(b), Regulations § 1.661(a)–2(b). See also Judge Hand's opinion in Johnston v. Helvering (2nd Cir., 1944) 141 F.2d 208 at 210.

It is clear from a careful reading of the decedent's will, which in part reads, "I hereby direct that all payments to be made by my said trustee to" any of the income beneficiaries "shall be made only out of the net income derived from this trust and not out of principal * * *", that decedent intended all other monies, no matter what the source, to go to the remainder beneficiaries.

A basic policy underlying the taxation of beneficiaries of estates and testamentary trusts is to tax whoever has a present right to the receipt of income or assets, and not the actual receipt of said income or assets. Freuler v. Helvering, 291 U.S. 35 at 42, 54 S.Ct. 308 at 311, 78 L.Ed. 634 (1934); Polt v. C. I. R. (2nd Cir. 1956), 233 F.2d 893.

If this be the case, we find the will directing the trustee to permanently set aside all assets other than actual earned income given it by the estate solely for the benefit of the remainder beneficiaries. As the remainder beneficiaries in this instance are charities, and the trustee has permanently set aside the assets thus distributed to it under the decree of distribution made in the taxable year herein involved for their benefit, the trustee is entitled to deduct from his gross income that amount under the provisions of I.R.C. § 642(c).

It follows then that the government's contention that the conduit theory of I.R.C. §§ 661(b) and 662(b) be used to determine tax liability is erroneous as its application would require distribution by the trust, in the taxable year involved, of the amount of income earned during administration of the estate to the income beneficiaries, when in fact no such income was actually distributed to the trust during the taxable year herein involved.

The conduit theory should be applied, as the trustee insists, not to find tax liability, but to determine only the character of the amounts distributed for the purposes of assessing taxes after tax liability has been established. The plaintiff in his brief uses the following two examples to demonstrate this contention:

"(1) Under a will A bequeathed and devised his entire estate to a charitable organization duly qualified under Section 170 of the Internal Revenue Code. During its first fiscal year the estate of A received a gross income of $15,000.00. Prior to the close of its fiscal year the estate distributed to the charitable beneficiary under a Decree of Preliminary Distribution One hundred shares of X Company stock, owned by the decedent at the date of his death, and having a fair market value of $20,000.00. No income received by the estate during the period of administration was distributed. The actual income of the estate, namely, the sum of $15,000.00, consisted of $5,000.00 in dividends, $5,000.00 in rental income, and $5,000.00 in long-term capital gains. During the said taxable period the estate had no deductible expenses. Under the provisions of Section 662 (a) the estate would be required to deduct from its gross income the said sum of $15,000.00 as deductions for distributions to beneficiaries. The distributee, being a tax-exempt charitable organization, would not be liable for any income taxes on account of said distribution even though, pursuant to the said so-called 'conduit rule', the amounts thus distributable constituted taxable dividends, rents and capital gains.

"(2) Assuming the same facts as in the foregoing example, except that the distributee is an individual subject to tax, the results as far as the estate is concerned would be the same. The individual, however, being a taxable entity, would be required to report a gross income of $15,000.00 received from the estate. At that point, it having been determined that the beneficiary is a taxable entity, the conduit rule would *then* come into application.

The result would then be that the beneficiary had received $15,000.00 in 'gross income' from the estate pursuant to Section 662(a). His tax would then be determined and calculated on $5,000.00 dividend income and on $5,000.00 gross rental income and $5,000.00 long-term capital gains."

See also Regulation § 1.663(a)–(b) (3).

 The last issue is whether or not the Marin County Hospital District qualifies as a charity within I.R.C. §§ 170 and 642. The will of decedent directs the trustee to distribute, at the termination of the trust, "(f) Ten per cent (10%) thereof unto the Marin County Hospital District for use in the Marin General Hospital for the establishment of free room or rooms, first, for the persons designated as beneficiaries of this trust and, then, for such other person or persons as the Board of Directors of said hospital may from time to time direct;".

The government contends that, because the will of decedent required free rooms to be made available to the beneficiaries of the trust "first", without requiring the named beneficiaries to show financial need, this was not "exclusively" for charitable purposes as is required by I.R.C. §§ 642(c) and 170(c).

But it has been held that a charitable deduction will not be denied merely because the donor is the controller of the donee's beneficiary and arranges to have some of the charitable services performed for his relatives. Mallery, 40 B. T.A. 778, Dec. 10845; Agnes C. Robinson, 1 T.C. 19, Dec. 12880.

The government attempts to distinguish these cases from the case at bar by saying the beneficiaries in the case at bar would benefit simply because they were named beneficiaries and not solely because of need.

However, there is nothing in decedent's will which would require the hospital to give to the beneficiaries free rooms if there was no need shown, or if the beneficiaries were refused. It is un-reasonable to think the decedent intended this bequest to be treated differently.

Judgment is therefore entered for plaintiff in the amount of $39,449.61, plus interest thereon from February 26, 1958, and for $9,497.11, plus interest thereon from July 23, 1959, and for costs of suit.