326 F.2d 51
 UNITED STATES of America, Appellant,
v.
BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, a national banking association, as trustee of the Trust created under the last Will and Testament of Kernan Robson, deceased, Appellee.
 No. 18144.
 United States Court of Appeals Ninth Circuit.
 December 10, 1963.
 Rehearing Denied January 17, 1964.
 
 Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, L. W. Post and Harold C. Wilkenfeld, Tax Division, Department of Justice, Washington, D. C., Cecil F. Poole, U. S. Atty., and Richard L. Carico, Asst. U. S. Atty., San Francisco, Cal., for appellant.
 Dreher, McCarthy & Dreher, and Robert Dreher, San Francisco, Cal., for appellee.
 Before BARNES and DUNIWAY, Circuit Judges, and KUNZEL, District Judge.
 DUNIWAY, Circuit Judge.
 
 
 1
 The United States appeals from a judgment in favor of the taxpayer in an action brought by the latter in the district court to recover taxes unlawfully collected, following denial of a claim for refund. The decision of the district court is reported at 203 F.Supp. 152. We conclude that the judgment must be affirmed in part and reversed in part.
 
 
 2
 The facts are stipulated and, so far as material, are as follows: Appellee is trustee of a trust created under the last will and testament of Kernan Robson, deceased. It also was executor of the will of the decedent. The decedent died on January 13, 1956, a resident of California, and the will was probated in the Superior Court of that state, in and for the County of Marin. On October 15, 1956, the probate court made a decree of preliminary distribution under the terms of which certain property of the estate, specifically described, was distributed to the trustee. All of the property distributed by this decree was corpus of the estate.
 
 
 3
 The will of the decedent creates a trust under which the trustee is required to hold all of the corpus and pay the income to certain named beneficiaries. Upon termination of the trust, which must be not later than December 31, 1977, all of the corpus of the trust is to be paid to certain institutions, each of which is concededly a tax-exempt charitable or religious organization.
 
 
 4
 The executor adopted a fiscal year beginning on the date of the death of the testator, January 13, 1956, and ending on October 31, 1956. During that fiscal year the estate had net income of $178,109. The value of the assets distributed under the decree of preliminary distribution of October 15, 1956 exceeded this amount. A portion of this income was "income in respect of the decedent," but $65,420.44 was income received during the course of administration subsequent to the death of the testator.
 
 
 5
 In its income tax return, the executor reported that the entire $178,109 was distributable, and treated it as income deemed to have been distributed under the provisions of sections 661(a) and 663(a) (1) of the Internal Revenue Code of 1954. The parties are agreed that, under these sections and section 662, the executor was required to treat the distribution as a distribution of income, even though all of the property actually distributed was corpus under state law.
 
 
 6
 The trustee, in accordance with sections 662(a) and 663(a) (1) of the Internal Revenue Code, included in its first fiduciary income tax return for its fiscal year (October 15, 1956 to October 31, 1956), as part of its gross income, the entire sum of $178,109. It also included dividends and interest received during that period in a sum a little over $10,000. The treatment of this latter sum is not here in question. In reporting its taxable income, the trustee deducted the net of the $178,109 (after depreciation and expenses), or $170,034, purporting to act under section 642(c) of the Internal Revenue Code. This subsection authorizes deduction by a trust of "* * any amount of the gross income, without limitation, which pursuant to the terms of the governing instrument is, during the taxable year, paid or permanently set aside for a purpose specified in section 170(c) * * *." Section 170(c) defines charitable contributions and it is conceded that all of the residuary beneficiaries of the trust, for which the corpus must be retained by the trustee, are charitable organizations within the meaning of section 170(c). There is a problem, later discussed in this opinion, as to whether one of the gifts is exclusively for charitable purposes.
 
 
 7
 The District Director of Internal Revenue concluded that $64,420.44 of this deduction should be disallowed, and it is the disallowance of this item that is here in issue. The ground of the disallowance was that this sum was not gross income permanently set aside for charitable purposes pursuant to the terms of decedent's will. The district court disagreed and the United States assigns error. Essentially, the theory of the United States is that since the $64,420.44, which was admittedly gross income of the estate, is deemed to have been distributed to the trustee, and is deemed to be income of the trust under the sections heretofore cited, it must be treated as income distributable by the trustee to the income beneficiaries, who are individuals and not charitable corporations or organizations, and that, since such income was not distributed to them, it is taxable in the hands of the trustee.
 
 
 8
 The difficulty with this position is that there is nothing in the Internal Revenue Code that so provides. It is clear, and it is admitted, that under California law, and under the terms of the will, all of the assets that were in fact distributed to the trustee during the period in question were corpus, and that the trustee was required to hold them as corpus for ultimate distribution to the charitable beneficiaries. It could not, under California law, distribute any part of them to the individual income beneficiaries. The Internal Revenue Code makes local law applicable as the basis on which to determine what is "income" of a trust. Section 643(b) states in part: "* * the term `income', when not preceded by the words `taxable', `distributable net', `undistributed net', or `gross', means the income of the estate or trust for the taxable year determined under the terms of the governing instrument and applicable local law. Items of gross income constituting extraordinary dividends or taxable stock dividends which the fiduciary, acting in good faith, determines to be allocable to corpus under the terms of the governing instrument and applicable local law shall not be considered income. * * *" The regulations (section 1.651(a)-2) provide "* * * The determination of whether trust income is required to be distributed currently depends upon the terms of the trust instrument and the applicable local law * * *." The cases also recognize that, in determining what is distributable income, what is not distributable income, and what is corpus, the trustee and the government are bound by the governing instrument and the local law and the income is to be taxed accordingly. See, for example, Johnston v. Helvering, 2 Cir., 1944, 141 F.2d 208; Bryant v. Commissioner, 4 Cir., 1950, 185 F.2d 517; Gallagher v. Smith, 3 Cir., 1955, 223 F.2d 218.
 
 
 9
 This rule has been changed by sections 661 and 662 to this extent only, that where, as here, an estate distributes property which exceeds in value the income which the estate could distribute (i. e., distributable income), even though the property actually distributed by the estate is corpus, the estate is then deemed, for federal tax purposes, to have distributed the distributable income. Thus, it is entitled to the deduction for income distributed. The recipient is required, by the same sections, to include in its gross income the amount of the income deemed distributed. These sections, however, do not take the additional step which the government asks this court to take. They do not purport to change the rule that the disposition of the income deemed to have been received by the distributee, here the trust, is governed by the local law, and the Code makes clear that tax consequences attach according to the actual disposition of that income pursuant to local law. Here, it was required by local law to be treated as and held as corpus, and for charitable purposes. It was thus permanently set aside for charitable purposes within the meaning of section 642. We think that the principles applied in Estate of Clymer v. Commissioner, 3 Cir., 1955, 221 F.2d 680 are equally applicable here. See also Old Colony Trust Co. v. Commissioner, 1937, 301 U.S. 379, 57 S.Ct. 813, 81 L.Ed. 1169.
 
 
 10
 The cases on which the United States relies are not in point. In Marquis v. United States, Ct.Cl., 1959, 173 F.Supp. 616, and in Williams v. United States, D.C., N.D.Cal., S.D., 1957, 158 F.Supp. 227, aff'd per curiam, 9 Cir., 1958, 251 F.2d 847 the moneys there involved were not permanently set aside for charitable purposes pursuant to the terms of the governing instrument. In each of these cases there were two estates. The will of the decedent first to die named as a beneficiary the decedent who died second, and the will of the second decedent left the latter's estate to charity. Income in the first estate was distributed to the second estate and the executor of the first estate claimed that thereby the income of the first estate was permanently set aside for charitable purposes. The difficulty with the taxpayer's position in these two cases was that the governing instrument was the will of the first decedent, which did not set aside anything for charitable purposes. Here, the governing instrument is the will which created the trust, and it is that instrument that sets the money aside, in the trust, for charitable purposes, and it is the taxability of the trust's income, not the estate's income, which is here in question. In Charles P. Moorman Home for Women v. United States, D.C.W.D. Ky., 1930, 42 F.2d 257, a trustee set aside certain sums for charity, but this was not in accordance with or pursuant to the terms of the will, but merely an attempt by the trustee to earmark certain assets for charitable purposes, although under the terms of the will they might or might not inure to the benefit of the designated charity. In Huesman's Estate v. Commissioner, 9 Cir., 1952, 198 F.2d 133 there was also an attempt by the executor and the trustees under a will to set aside for charitable purposes a specific asset of the estate which constituted income. This was not required by the terms of the will or the local law, and hence the case is not in point here. However, the result in that case would seem to be different under the 1954 Code which is here applicable, because there was an actual distribution in that case which would have been recognized under the 1954 Code, but was not recognized under the 1939 Code.
 
 
 11
 The remaining issue in the case has to do with whether the setting aside of moneys for one of the charitable beneficiaries meets the requirements of a charitable contribution under section 170(c). The language of the will is as follows:
 
 
 12
 "(f) Ten per cent (10%) thereof unto the Marin County Hospital District for use in the Marin General Hospital for the establishment of free room or rooms, first, for the persons designated as beneficiaries of this trust and, then, for such other person or persons as the Board of Directors of said hospital may from time to time direct."
 
 
 13
 It is not questioned that the Marin County Hospital District is a charitable corporation within the meaning of the Internal Revenue Code, but the United States claims that the bequest is not exclusively for charitable purposes because it provides for the establishment of "free room or rooms, first, for the persons designated as beneficiaries of this trust." The trial court construed this provision as giving to the hospital a discretion as to whether or not to provide free room or rooms for the named beneficiaries and concluded that this discretion would be based upon the need of the beneficiaries and that hence, the purpose was charitable. We cannot agree. We see nothing in the language of the will which so provides.
 
 
 14
 Section 170(c) and section 642 (c) both require that the purpose be exclusively charitable. We have no doubt that an unrestricted gift to a corporation organized and operated exclusively for charitable purposes meets the requirements of the Internal Revenue Code. But we think that where a gift contains requirements under which the corporation may be required to use it for noncharitable purposes, the Code requirements are not met. It is one thing to create a preference in the use of a charitable fund for needy relatives or friends of the decedent (see Schoellkopf v. United States, 2 Cir., 1942, 124 F.2d 982; Estate of Robinson, 1942, 1 T.C. 19; Otto T. Mallery, 1939, 40 B.T.A. 778); it is quite another thing to provide, as the testator did here, for free rooms for his relatives regardless of whether they are in need or not. Cf. United States v. La Societe Francaise De Bien Faisance Mutuelle, 9 Cir., 1946, 152 F.2d 243; De Jong v. Commissioner, 9 Cir., 1962, 309 F.2d 373. We cannot read into the testator's language the limitation that the trial court purported to find.
 
 
 15
 Insofar as the judgment is based upon the holding of the district court that the bequest for the benefit of Marin General Hospital is tax exempt, it is reversed. In all other respects, the judgment is affirmed. The matter is remanded to the district court with directions to enter a new judgment consistent with the views here expressed.