## WELLMAN v. WELCH.
### No. 3334.

Circuit Court of Appeals, First Circuit.

Sept. 27, 1938.

Ralph E. Tibbetts, of Boston, Mass., for appellant.

Frederic G. Rita, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key and Donald J. Marran, Sp. Assts. to Atty. Gen., and Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to U. S. Atty., both of Boston, Mass., on the brief), for appellee.

Before WILSON and MORTON, Circuit Judges, and MAHONEY, District Judge.

WILSON, Circuit Judge.

This is an appeal by the plaintiff from a judgment entered in the District Court of Massachusetts. A jury trial was waived and the case heard before a judge of the District Court on a stipulation of the facts, with an agreement that the judge might draw deductions from the facts so stipulated or receive additional evidence not inconsistent with the stipulated facts.

The facts found by the District Court from the stipulated facts are as follows: Nellie P. Carter died on January 15, 1933, leaving a will designating the plaintiff, Arthur H. Wellman, as executor. The allowance of the will was contested in the Suffolk County Probate Court, and pending litigation, the State Street Trust Company and Francis J. Carney were appointed. and qualified as special administrators on the 13th day of February, 1933. They continued to serve until July 24, 1934, when the litigation was concluded and the will was allowed, and the assets came into the hands of the executor. The estate is still in the process of settlement.

The plaintiff, as executor, filed an income tax return for the year 1934, reporting the combined amounts of income received by the special administrators from January 1 to July 24, 1934, inclusive, and received by him as executor from July 25 to December 31, 1934, inclusive. In 1936, after an examination of the plaintiff's accounts by the Treasury Department, a deficiency tax for the year 1934 was assessed against the plaintiff in the sum of $18,478.-09. This deficiency, to the extent of $12,-438.43, resulted from the disallowance by. the Treasury Department as a deduction from income, of the sum of $19,750 which the plaintiff had deducted in the original return, claiming it to be deductible under Section 162(a) of the Revenue Act of 1934, 26 U.S.C.A. § 162(a), and the disallowance of the sum of $1,868.76, which the plaintiff said was income in the year 1934 permanently set aside or to be used for such purposes and in the manner provided in said section. The latter sum had not been deducted on the original return filed by the

plaintiff for the year 1934. The plaintiff paid the additional assessment of $18,478.09 on June 12, 1936, and on July 17, 1936, paid interest on this assessment in the sum of $1,370.41. On or about the 24th of July, 1936, the plaintiff filed with the defendant a claim for refund of $13,360.91, consisting of $12,438.43 of principal tax and $922.48 interest. When this action was commenced, no notice had been received from the Commissioner of Internal Revenue of either rejection or allowance of the claim for refund, although more than six months had elapsed since it was filed with the Collector of Internal Revenue.

When the will was executed in 1931, the property purporting to be disposed of thereby was of a value sufficient to pay all pecuniary legacies with a substantial sum for residuary legatees, but at the time of the testatrix' death in January, 1933, the value of the estate was insufficient to pay even the pecuniary legacies in full. The amount of the pecuniary legacies under the will, after the deduction of a lapsed legacy for $100,000, was $3,883,000, and of this sum $395,000 was to charitable or other organizations of the character described in Section 162(a) of the Revenue Act of 1934, 26 U.S.C.A. § 162(a). The charitable bequests, totalling $395,000, amounted to 10.17 percent of the total of all pecuniary bequests.

The executor distributed 5 percent of the total amount of pecuniary legacies for the year 1934, though some of these payments were not actually made until after the close of the year. On October 24, 1934, by way of this 5 percent distribution, the sum of $190,750 was disbursed by the executor, and at this time there was paid to the charitable corporations named as pecuniary legatees a total of $19,750.

On October 1, 1934, the estate had cash on hand amounting to $3,317.21, all of which was a balance of dividends or other income which had not been disbursed by the executor. On October 11, 1934, the executor sold securities in the sum of $195,716.90, which represented a gain over inventory value of $64,466.90. When, on October 24, 1934, the distribution to the pecuniary legatees occurred, the executor had on hand a total cash of $200,813.21, made up of $131,250, representing the inventory value of stocks sold on October 11; $64,466.90, representing the gain on such sales; and $5,096.31, representing the balance of dividends and other income which had not previously been expended by the executor.

The estate's gross taxable income, as determined by the Commissioner, for the calendar year 1934, amounted to $232,057.82, made up of interest, $537.50; dividends, $116,729.46; and capital gain on the sale of capital assets to the extent of 80 percent thereof, $114,790.86. The allowance deductions, exclusive of payments to charitable corporations, amounted to $19,484.01, leaving a net taxable income of $212,573.81.

The question presented for determination upon the facts stipulated and found by the court is whether the plaintiff is entitled to any deduction under the provisions of Section 162(a) of the Revenue Act of 1934, because of any distributions or allocations made by the plaintiff as executor during that year on account of legacies to charitable organizations; or, in other words, whether an executor is entitled, under the provisions of Section 162(a) of the Revenue Act of 1934, to deduct from the gross income of the estate the amount of payments made by him therefrom to charitable organizations on account of legacies, the estate being insufficient to pay the pecuniary legacies provided for in the will.

Several requests for rulings of law were made by the plaintiff, and the plaintiff took exceptions and assigned as error the judge's refusal to rule as requested. The following assignments of error raise the only issue involved in the case:

"3. The court erred in refusing to rule that the defendant was in error in not allowing the plaintiff a deduction for tax purposes of $21,618.76 from the gross income of the estate in the year 1934 and that the plaintiff was entitled to deduct this amount from otherwise taxable income under the provisions of Section 162(a) of the Revenue Act of 1934.

"4. The court erred in refusing to rule that the defendant is indebted to the plaintiff in the sum of $13,360.91 with interest at 6 percent per annum from June 12, 1936 on $12,438.43 of said sum, and from June 17, 1936 on $922.48 of said sum.

"5. The court erred in ruling that the distribution by the plaintiff constituted payments of bequests under the will of the testatrix out of corpus of the estate and not out of income."

The District Court ruled that where there are insufficient assets to pay pecuniary bequests, leaving nothing for residuary

legatees, all income received during the settlement of the estate becomes a part of the corpus of the estate, and in such a case any distribution of any addition to the estate in the way of income in payment of the legacies provided for in the will, thereby loses its character as income and must be treated as a part of the assets of the estate. In fact, it was stipulated that all receipts by the executor, whether realized from inventory values or gains in such values, or in the form of interest and dividends received, were indiscriminately treated as assets of the entire estate and were applied to the payment of legacies. The District Court also ruled that the distribution of the sums referred to in the stipulation could not be regarded as a distribution of income as such and subject to the deduction provided for in Section 162(a) of the Act of 1934; but must be treated as a payment from the assets of the estate on account of the pecuniary legacies provided for in the will, and no deductions from income because of a payment of specific legacies to charities is permitted under the Act.

The distribution in 1934 clearly was not intended as a distribution of income as such for that year, but as a part payment of the pecuniary legacies provided for in the will. There is no provision in the will authorizing the executor to pay from income as such any of the pecuniary legacies. According to the stipulation of facts, there is no probability of there being any residuary fund, since the estate is insufficient to pay the pecuniary legacies in full. All income, therefore, received by the executor in the settlement of the estate, either as dividends or accruals from the sale of assets, became a part of the corpus of the estate for the partial payment of the pecuniary legacies, and if disbursed in payment of such legacies, no deduction from gross income in such a case is permitted under Sec. 162(a) of the Act, which relates to the deduction of income when paid to and received as such by charities.

The case of Old Colony Trust Co. v. Commissioner, 301 U.S. 379, 57 S.Ct. 813, 81 L.Ed. 1169, has no application to the facts in this case. While the beneficiaries in the present case received payments on account of legacies conformable to and hence pursuant to the terms of the will, the income of the year 1934, having become by stipulation of the parties a part of the corpus of the estate, it was not paid as income nor received as such. Burnet, Commissioner, v. Whitehouse, 283 U.S. 148, 151, 51 S.

Ct. 374, 376, 75 L.Ed. 916, 73 A.L.R. 1534; Helvering v. Pardee et al., No. 77, 290 U.S. 365, 370, 54 S.Ct. 221, 223, 78 L.Ed. 365.

Neither has the case of Bowers, Collector, v. Slocum, 2 Cir., 20 F.2d 350, any application to the facts here. In that case there was income which, both by the terms of the will and by operation of law, became a part of the residuary clause under which it was set apart for charitable purposes, Sec. 162(a). Here it is stipulated that the assets in this estate are insufficient to pay all the pecuniary bequests and the residuary legatees will receive nothing. Boston Safe Deposit & Trust Company et al. v. Commissioner, 1 Cir., 66 F.2d 179. Upon the facts found by the court, there is no authority in the will for the disposition of the net income as such during the process of administration. By the stipulations and by operation of law, it became a part of the corpus of the estate. It must, therefore, when distributed, if applied to the payment of the pecuniary legacies, be treated as a part payment of such legacies from the assets of the estate and not as a distribution of income, and cannot be deducted from the gross income of the estate under Sec. 162(a).

The judgment of the District Court is affirmed with costs.