HUESMAN'S ESTATE et al. v. COMMISSIONER OF INTERNAL REVENUE.

No. 13006.

United States Court of Appeals
Ninth Circuit.

July 1, 1952.

134

Thomas R. Dempsey, Wellman P. Thayer, Arthur H. Deibert, William L. Kumler, H. B. Thompson, Los Angeles, Cal., for appellants.

Samuel Taylor, Walter G. Schwartz, San Francisco, Cal. (Taylor & Schwartz, San Francisco, Cal., of counsel), as amici curiae.

Ellis N. Slack, Acting Asst. Atty. Gen., A. F. Prescott, Carolyn R. Just, S. Dee Hanson, Special Assts. to the Atty. Gen., for appellee.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

ORR, Circuit Judge.

On May 3, 1944, Ralph R. Huesman died testate, a resident of the state of California. At the time of his death there was due and owing him from Desmond's, a California corporation, the sum of $80,517 as a bonus for services rendered. Huesman's last will and testament was admitted to probate. The net value of the estate exceeded $250,-000. The provisions of the will involved in the instant case are appended.[1]

The executors of the estate, in that capacity and in their capacity as testamentary trustees, procured an order and decree from the probate court for distribution of the $80,517 bonus. The probate court made

1. The provisions of the will involved in this case are as follows:

"Article V.

"I give, devise and bequeath all the rest, residue, and remainder of my estate, real, personal and mixed, of every kind and nature and wherever situated, which I may own at the time of my death, and all other property over which I may have any power of disposition (all of said property being hereinafter referred to as the 'Trusteed Property'), to the trustees hereinafter named, to have and to hold upon the following trusts and conditions:

"E * * *

"5. The trustees shall pay and distribute a sum of money equal to ten per cent (10%) of the Trusteed Property as follows: To my friend Dr. Henry M. Rooney, and if he be deceased to his wife, Mrs. May Rooney, the sum of two thousand dollars ($2,000.00); to my loyal secretary and employee Leonora Zinner, the sum of two thousand dollars ($2,000.00);

and to Mrs. Gregory Haran, my former secretary who rendered very loyal service to me, the sum of two thousand dollars ($2,000.00); * * * and the balance of said sum of money shall be paid and distributed by the trustees to the following named organizations and in the proportions as follows: To Loyola University of Los Angeles, Regents' Fund, five-tenths (5/10th); * * *. Such conversion of Trusteed Property into money and payments and distributions made to said organizations shall be made by the trustees within five (5) years after distribution to the trustees and shall be made at such time and in such amounts as may be convenient for the trustees in consideration of the condition of the trust estate, and the trustees may exercise in their sole discretion as to when and in what amounts such payments and distributions shall be made within said period of five (5) years. * * * *"

a finding[2] and entered an order based thereon.[3]

On April 30, 1945, the sum of $80,517 bonus was paid to the executors. On the same day the executors paid to the testamentary trustees the said sum of $80,517. The same day the trustees paid to Loyola University the said sum. At the time of receipt of said sum of $80,517 by the testamentary trustees and its distribution by them said sum constituted the only cash asset of the trust estate.

Petitioners (executors of the estate) operated on a cash receipts and disbursements basis. Petitioners filed a fiduciary income tax return for the fiscal year ended April 30, 1945. This return showed a gross income of $80,517 and deductions for distributions for "amounts distributable to beneficiaries" of $80,517. The Commissioner of Internal Revenue disallowed the said sum of $80,517 claimed as an amount distributable to beneficiaries as not constituting a proper deduction under the provisions of § 162 of Internal Revenue Code, 26 U.S.C.A. § 162.

Petitioners appealed the Commissioner's determination to the Tax Court. The Tax Court affirmed the finding of the Commissioner and now we have the problem for determination.

Petitioners separate their specifications of error into several parts but essentially their complaint is: That the executors of

2. Among other things the court found that:

"* * * among the assets of said estate and constituting a part of the corpus thereof, is an item of compensation due the decedent in the form of a bonus from Desmond's, a corporation, in the sum of $80,517.00; * * *."

3. "It is therefore ordered and decreed that Nurma W. Huesman, Fred B. Huesman and Farmers and Merchants National Bank of Los Angeles, as executors of the estate of Ralph R. Huesman, deceased, upon receiving said certain sum of eighty thousand five hundred seventeen dollars ($80,517.00) from Desmond's, a corporation, specifically as compensation due to the decedent in the form of a bonus at the time of his death, shall deliver said specific sum of eighty thousand five hundred seventeen dollars ($80,517.00) to Nurma W. Huesman, Fred B. Huesman and Farmers and Merchants National Bank of Los Angeles, as trustees under the will of Ralph R. Huesman, deceased; and said Nurma W. Huesman, Fred B. Huesman and Farmers and Merchants National Bank of Los Angeles, as said trustees under the will of Ralph R. Huesman, deceased, shall distribute said specific sum of eighty thousand five hundred seventeen dollars ($80,517.00) to Loyola University of Los Angeles, Regents' Fund, in partial satisfaction of its bequest under the will of said Ralph R. Huesman, deceased; and that no bond shall be required by reason of any distribution order herein made.

* * * * *

"That under an order and decree of partial distribution granted by this court on this day, the executors, upon receiving said sum of eighty thousand five hundred seventeen dollars ($80,517.00) from Desmond's, a corporation, specifically as compensation due the decedent in the form of a bonus at the time of his death, shall deliver said specific sum of eighty thousand five hundred seventeen dollars ($80,517.00) to Nurma W. Huesman, Fred B. Huesman and Farmers and Merchants National Bank of Los Angeles, as trustees under the will of Ralph R. Huesman, deceased; that said sum constitutes the sole estate of said testamentary trust; that there are no liabilities to any creditors under said trust; that the said legacy or share of the trust estate set forth above may be distributed to Loyola University, Regents' Fund, as the institution entitled thereto, without loss to the creditors or injury to the trust estate, or any person interested therein; and that it is unnecessary that the legatee give bond;

"It is therefore ordered and decreed that the said sum of eighty thousand five hundred seventeen dollars ($80,517.-00) received by Nurma W. Huesman, Fred B. Huesman and Farmers and Merchants National Bank of Los Angeles, as executors of the estate of Ralph R. Huesman, deceased, from Desmond's, a corporation, specifically as compensation due to the decedent in the form of a bonus at the time of his death, and delivered under order of this court, as a specific sum to Nurma W. Huesman, Fred B. Huesman and Farmers and Merchants National Bank of Los Angeles, as trustees under the will of Ralph R. Huesman, deceased, shall be delivered as a specific sum to Loyola University of Los Angeles, Regents' Fund, in partial satisfaction of its bequest under the will of Ralph R. Hues-

the estate were entitled to a deduction for an item of gross income distributed under § 162(a).[4]

 We understand the term "paid pursuant to the terms of the will" in § 162(a) to mean that the charity must be denominated an *income* beneficiary in the instrument or, it at least must receive a right to be paid *income* by virtue of the gift made to it. Of course, the trustee may be given discretion in the will whether or not to make an income payment to the charity at all, see Old Colony Trust Co. v. Commissioner, 1937, 301 U.S. 379, 57 S.Ct. 813, 81 L.Ed. 1169, but even in such a situation when the income is received by the charity it is received in response to a right to income created in the will or trust. Thus, when a charity is made a pecuniary legatee, even though the payment to the charity is made out of funds which constitute gross income, no deduction may be taken under § 162(a) because the money is not received by the charity in satisfaction of a claim for income. Wellman v. Welch, 1 Cir., 1938, 99 F.2d 75. In the present case the will makes a gift to the charity of 5% of the residue less certain other gifts; the charity is a residuary legatee. In terms there is no gift of income made to the charity; the gift is one of corpus. Under state law it may be that a residuary legatee has a right to income realized from investment of his share of the corpus between the date of death of the testator and the time distribution of the gift is made. But there was no such income available for distribution in the instant case, hence, the fund could have been paid only in satisfaction of the right to corpus.

The charity's right to be paid corpus was not a right to be paid a particular asset which constituted a portion of the corpus. The will gives no right to the charity to have its gift paid out of the proceeds of a particular asset. No asset or its pro-

ceeds was earmarked for the charity and we fail to find in the will authorization for the executors to do so. The situation when the executors secured payment of the bonus can be described as follows: The executors had a portion of the corpus which under the will they were bound eventually to deliver to the trustees. No legatee had a right to these particular dollars because they derived from income in respect of a decedent. The trustees might have allocated these funds to the trust created for the wife out of the residue or, to any of the other gifts made. But in no case would the recipient have received the fund because he had a right to it as such; but simply in satisfaction of a right to corpus. When the executors collected the bonus, under the will the proceeds lost their identity and became indistinguishable from any of the other moneys or choses in action which constituted corpus. The ingenious attempt to channel the funds by a series of related transactions does not change this result. Under these circumstances the charity received the money solely by reason of its right to share in proceeds of the corpus and not in satisfaction of a right to that portion of the corpus which might also be said to qualify as gross income under § 162(a). In other words, the sum in question was paid to the charity as and for corpus and not because the charity's admitted right to corpus gave it a right to this particular item as such. This negatives the idea that the payment was " * * * pursuant to the terms of the will * * *" under § 162(a). Cf. Wellman v. Welch, supra; Old Colony Trust Co. v. Com'r, 1938, 38 B.T.A. 828; I.T. 1966, III-I Cum. Bull. 215. Having so concluded we find it unnecessary to decide, as did the Tax Court, that § 126 income can in no instance be available for distribution under § 162.

Judgment affirmed.

man, deceased; and that no bond shall be required by reason of any distribution granted hereunder."

4. "§ 162. Net income

\* \* \* \* \*

"(a) There shall be allowed as a deduction (in lieu of the deduction for char-

itable, etc., contributions authorized by section 23(o)) any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in section 23(o), \* \* \*."