ESTATE OF Robert L. CLYMER, Deceased, Edward O. Steely and Doylestown Trust Company, Executors, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 11486.

United States Court of Appeals Third Circuit.

Argued March 21, 1955.

Decided May 4, 1955.

George Craven, Philadelphia, Pa. (James F. Gordy, Philadelphia, Pa., on the brief), for petitioners.

Loring W. Post, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Robert N. Anderson, L. W. Post, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before MARIS, GOODRICH and KALODNER, Circuit Judges.

MARIS, Circuit Judge.

This is a petition by the taxpayers to review a decision of the Tax Court against them. The taxpayers are the executors of the will of Robert L. Clymer, who died July 31, 1949, a resident of Pennsylvania. The litigation involves the income tax liability of his estate for the fiscal years ended July 31, 1950 and July 31, 1951. The decedent was at the time of his death a member of a partnership known as Clymer's Department Store, which operated a department store at Doylestown, Pennsylvania. The partnership kept its books on a cash basis. The decedent's estate also keeps its books on a cash basis and on the basis of a fiscal year ending July 31. The partnership agreement of the partnership provided, inter alia, as follows:

"Article 19. All of the accounts receivable shall be closed at the end of the day of the retirement or death of a partner, and the surviving partners shall proceed to collect said accounts as soon as possible and shall pay over to the retiring partners, or the legal representatives of a deceased partner monthly one-third of all such collections made during said month, less a collection charge of five per cent of said amount."

The decedent's estate received $26,-093.24 in the year ended in 1950 and $4,482.19 in the year ended in 1951 as its share of the collections of such accounts receivable, which amounts were reported as income of the estate in the amended income tax return of the estate for the year ended in 1950 and in the income tax return of the estate for the year ended in 1951, as required by section 126(a) (1) (A) of the Internal Revenue Code of 1939, 26 U.S.C.A. After taking other deductions, there was a balance of $24,774.17 in the year ended in 1950 and a balance of $4,314.31 in the year ended in 1951, on account of the estate's share of the collection of such accounts receivable. These amounts were credited by the taxpayers to the principal of the decedent's residuary estate and subsequently during the years here in issue were held by the taxpayers as part of the principal of such residuary estate.

Taxpayers claimed under section 162 (a) of the Internal Revenue Code of 1939 $24,774.17 as a deduction in their income tax return for the year ended in 1950 and $4,314.31 as a deduction in their income tax return for the year ended in 1951. The Commissioner in his deficiency notice disallowed such deductions and allowed as deductions the federal estate tax paid on the decedent's interest in such accounts receivable.

Article 11 of the decedent's will is as follows:

"11. All the rest, residue and remainder of my estate I give, devise and bequeath to Doylestown Trust Company, in trust, to hold and invest the same and to pay over annually beginning one year after the date of my death, the sum of $1,000 per year of principal plus any interest earned during the previous year, to the Village Improvement Association, a Pennsylvania corporation, located at Doylestown, Pa. for the purpose of providing food and clothing for poor people of Doylestown and vicinity. I request that purchases of food and clothing by said organization shall be made, as far as possible, from Clymer's Department Store so long as said store

is in existence under the present management."

The Village Improvement Association is a charitable organization which meets the requirements of section 23(o) and section 101(6) of the Internal Revenue Code of 1939. Upon the basis of the foregoing facts the Tax Court upheld the action of the Commissioner in disallowing the claimed deductions, holding that they were not authorized by section 162(a) of the Internal Revenue Code of 1939. The court's decision was based on its conclusion that since the income in question was in reality merely the proceeds of liquidation of the corpus of the estate which was taxable as income of the estate only by virtue of the mandate of section 126(a) of the Code it was not income of the kind referred to in section 162(a).

We think that the Tax Court was in error in so concluding. The sections of the Internal Revenue Code in question are set out in a footnote.[1] It will be seen that section 162(a) allows as a deduction from the gross income of an estate "any part of the gross income * * * which pursuant to the terms of the will * * * creating the trust, is during the taxable year paid or permanently set aside" for, inter alia, charitable purposes. "Gross income", as used in the Internal Revenue Code of 1939, is defined in section 22 of the Code. It is the base upon which taxable net income is computed. Accordingly when section 162(a) refers to the "gross income" of an estate it must be held, in the absence of a special exclusionary provision, to include all items which are a part of the "gross income" of the estate including

1. "§ 126. Income in respect of decedents
"(a) Inclusion in gross income.
"(1) General rule. The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death or a prior period shall be included in the gross income, for the taxable year when received, of:
"(A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent;
"(B) the person who, by reason of the death of the decedent, acquires the right to receive the amount, if the right to receive the amount is not acquired by the decedent's estate from the decedent; or
"(C) the person who acquires from the decedent the right to receive the amount by bequest, devise, or inheritance, if the amount is received after a distribution by the decedent's estate of such right.
* * * * *
"(3) Character of income determined by reference to decedent. The right, described in paragraph (1), to receive an amount shall be treated, in the hands of the estate of the decedent or any person who acquired such right by reason of the death of the decedent, or by bequest, devise, or inheritance from the decedent, as if it had been acquired by the estate or such person in the transaction by which the decedent acquired such right; and the amount includible

in gross income under paragraph (1) or (2) shall be considered in the hands of the estate or such person to have the character which it would have had in the hands of the decedent if the decedent had lived and received such amount."
26 U.S.C.A. § 126(a)
"§ 162. Net income
"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—
"(a) Subject to the provisions of subsection (g), there shall be allowed as a deduction (in lieu of the deduction for charitable, etc., contributions authorized by section 23(o) ) any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in section 23(o), or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, or for the establishment, acquisition, maintenance or operation of a public cemetery not operated for profit. Where any amount of the income so paid or set aside is attributable to gain from the sale or exchange of capital assets held for more than six months, proper adjustment of the deduction otherwise allowable under this subsection shall be made for any deduction allowable to the trust under section 23(ee)." 26 U.S.C.A. § 162(a).

those which are made a part of "gross income" by the express mandate of section 126(a).

The sums of $26,093.24 received by the estate in the fiscal year ended July 31, 1950 and $4,482.19 received for the fiscal year ended July 31, 1951 as the decedent's share of the collection of accounts receivable of the partnership outstanding at his death were included in the gross income of the estate by virtue of the express mandate of section 126(a) (1) (A). Since these sums, as a part of the decedent's residuary estate, were permanently set aside by his will for an admittedly allowable charitable purpose, they expressly came within the purview of section 162(a) and were deductible.

The respondent argues to the contrary that the income referred to in section 162(a) is only such income as is earned by the estate during administration and does not include what under state property law would be regarded as corpus of the estate. A sufficient answer to this argument is that in using the phrase "gross income" the sections of the Code in question are applying a federal criterion, the concept of income embodied in section 22, and are not referring to state law notions of corpus and income. Indeed section 162(a) itself indicates that it is applicable to gross income which might be deemed corpus under state law. For it expressly includes within its purview gains from the sale or exchange of capital assets. Such gains are frequently regarded by state law as belonging to the corpus of the estate and not to income.

The Tax Court felt compelled by its prior decisions in Huesman v. Commissioner, 1951, 16 T.C. 656, and Linde v. Commissioner, 1951, 17 T.C. 584, to take the contrary view. Both of these cases were appealed, however, and in neither did the Court of Appeals pass on this precise question. Huesman's Estate v. Commissioner of Internal Revenue, 9 Cir., 1952, 198 F.2d 133; Commissioner of Internal Revenue v. Linde, 9 Cir., 1954, 213 F.2d 1, certiorari denied 348 U.S. 871, 75 S.Ct. 107. The cases, therefore, are not authority for the decision of the Tax Court here under review.

The decision of the Tax Court will be reversed and the cause will be remanded for further proceedings not inconsistent with this opinion.